**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| DEAN EFFARAGE FARROW | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No.: **2:06-cv-360-ID** |
| | ) | |
| DONAL CAMPBELL, et al | ) | |
| | ) | |
| Defendant. | ) | |

## SPECIAL REPORT

**COMES NOW** the Defendants, **Gwendolyn Mosley, Captain Knox, and Sergeant Bryant**, through the Attorney General for the State of Alabama, by and through its assistant attorney general, *Bettie J. Carmack*, and in accordance with this Honorable Court's Order of May 26, 2006, do hereby submit the following Special Report.

## PARTIES

A.  **Dean Effarage Farrow** (Plaintiff) – an Alabama Department of Corrections (ADOC) inmate currently housed at Easterling Correctional Facility located at 200 Wallace Drive Clio, Alabama 36017.

B.  **Gwendolyn Mosley** (Defendant) – she is presently employed as a Correctional Warden III located at Easterling Correctional Facility whose address is 200 Wallace Drive Clio, Alabama 36017.

C.  **Robert Bryant** (Defendant) – he is presently employed as a Correctional Officer II at Ventress Correctional Facility which is located at P. O. Box 767 Clayton, Alabama 36016-0767.

D. **Jeffery Knox** (Defendant) – he is presently employed as a Correctional Officer Supervisor II at Easterling Correctional Facility which is located at 200 Wallace Drive Clio, Alabama 36017.

### DEFENDANT'S EXHIBITS

In accordance with this Court's Order, the Defendants submit the following exhibits:

1. Exhibit A –      Affidavit of Gwendolyn Mosley
2. Exhibit B-      Transfer Order
3. Exhibit C-      Affidavit of Robert Bryant
3. Exhibit D-      Affidavit of Jeffery Knox

### PLAINTIFF'S ALLEGATIONS

Although the Plaintiff's allegations are not exactly clear, it would seem that the Plaintiff filed a previous lawsuit against prison officials regarding his dental care. The Plaintiff now contends that the Defendants are retaliating against him because of the previous lawsuit. The Plaintiff contends that the retaliation included transferring him to Kilby Correctional Facility for the purpose of "intimidating, harassing, and threatening" him. (Farrow's attachment to the complaint, pgs. 2-3)

### DEFENDANTS' ANSWER

In answer to Plaintiff's allegations, Defendants state as follows:

1. Defendants deny Plaintiff's allegations and demand strict proof thereof.
2. Defendants deny that any of the Plaintiff's constitutional rights have been violated.
3. Defendants assert the affirmative defenses of sovereign immunity, qualified immunity, and absolute immunity.

4. Defendants deny each and every material allegation not expressly admitted herein and demand strict proof thereof.

## ARGUMENT

In an effort to allege a retaliation claim, Inmate Farrow has alleged that he was transferred to Kilby Correctional Facility because of an ongoing lawsuit he has against the Defendants regarding his dental care. Inmate Farrow's contention is without merit. Inmate Farrow was transferred to Kilby Correctional Facility because it is the location in which inmates are transported back and forth to court. (Exhibit A-affidavit of Gwendolyn Mosley) The Department of Transfer Division issued the order to transfer the Plaintiff to Kilby Correctional Facility, not the listed Defendants. (Exhibit B- Transfer Order)

"'The gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech,' particularly the right to petition the government for redress of grievances by filing complaints or lawsuits regarding prison conditions." Sepulveda v. Burnside, No. 04-10241, 2006 WL 615966, at * 3 (11th Cir. 2006) *quoting in part* Thomas v. Evans, 880 F. 2d 1235, 1242 (11th Cir. 1989). "'A prisoner can establish retaliation by demonstrating that the prison official's actions were 'the result of his having filed a grievance concerning the conditions of his imprisonment.'" Sepulveda v. Burnside, 2006 WL 615966, at *3 *quoting in part* Farrow v. West, 320 F. 3d 1235, 1248 (11th Cir. 2003). In this case, all the Defendants have testified that they did not retaliate against Inmate Farrow. (Exhibits A, C, and D) Because the Defendants have all testified that they did not retaliate against Inmate Farrow and Inmate Farrow has failed to plead specific facts that would establish that he was retaliated against, his claim is without merit and due to be dismissed.

## ALL CLAIMS AGAINST MOSLEY, KNOX, AND BRYANT ARE BARRED BY ABSOLUTE AND QUALIFIED IMMUNITY

The Plaintiff's claims should be dismissed against the above named Defendants because they are immune from liability. As the United States Supreme Court has stated:

> There can be no doubt … that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit. Edelman v. Jordan, 415 U.S. 651 (1974); Ford Motor Co. v. Department of Treasury, 323 U.S. 459 (1945); Worcester County Trust Co. v. Riley, 302 U.S. 292 (1937). Respondents do not contend that Alabama has consented to this suit, and it appears that no consent could be given under Art. I, § 14, of the Alabama Constitution, which provides that no consent could be given under Art. I, § 14, of the Alabama Constitution, which provides that 'the State of Alabama shall never be made a defendant in any court of law or equity.'

Alabama v. Pugh, 438 U.S. 781, 782 (1978).

The Defendants are state employees, and a suit against them is a suit against the State. In addition, there has been no consent or waiver of immunity in this case. Thus, the Defendants are absolutely immune from liability.

Qualified immunity "protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998). Because the alleged acts of the Defendants consist of discretionary functions, and because the actions do not violate any clearly established constitutional or statutory rights, the Defendants are protected by qualified immunity. Wilson v. Blankenship, 163 F. 3d at 1284 (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also* Pinkney v. Davis, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity).

**CONCLUSION**

Based on the foregoing, the Defendants request that this Court dismiss the Plaintiff's complaint or enter a summary judgment in their favor.

        RESPECTFULLY SUBMITTED,

        TROY KING (KIN-047)
        ATTORNEY GENERAL


        /s/ *Bettie J. Carmack* (CAR-132)
        Bettie J. Carmack (CAR-132)
        *Assistant Attorney General*
        *Civil Division*
        Office of the Attorney General
        11 South Union Street
        Montgomery, AL 36130
        Telephone: (334) 353-5305
        Facsimile:  (334) 242-2433

**CERTIFICATE OF SERVICE**

I hereby certify that I have, this the **29th** day of **June**, 2006, served a copy of the foregoing upon the Plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

**Inmate Dean Effarage Farrow**
**AIS #: 111719**
**Easterling Correctional Facility**
**200 Wallace Drive**
**Clio, Alabama  36017**

/s/ *Bettie J. Carmack*
Bettie J. Carmack (CAR-132)
*Assistant Attorney General*
*Civil Division*
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
Telephone: (334) 353-5305
Facsimile:   (334) 242-2433