IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 AUG -8  A 10: 31

JAMES EFFARAGE FARROW (AIS# 111719)    *
                                       *

    Plaintiff,
                                       *

V.                                          2:06-CV-360-ID
                                       *

FORMER COMMISSIONER DONAL              *
CAMPBELL, ET AL.,
                                       *

    Defendants.
                                       *

## SPECIAL REPORT OF DEFENDANTS

    COME NOW Defendants Linda Lawrence, R.N., H.S.A. and Dr. Marvin West in response to this Honorable Court's Order, and present the following Special Report with regard to this matter:

## I. INTRODUCTION

    The Plaintiff, Dean Farrow (AIS# 111719) is an inmate currently confined at Easterling Correctional Facility located in Clio, Alabama. (See Complaint). On April 20, 2006, Farrow filed a Complaint in this matter against multiple correctional Defendants alleging numerous, unrelated causes of action including: complaints for inappropriate medical care, theft, unlawful search and seizure, interference with the mails, retaliation and failure to transfer. (See Complaint). On May 4, 2006 the Court entered an Order holding that the Plaintiff's Complaint was insufficient on its face as the Plaintiff's claims were neither sufficiently related nor stated with requisite specificity. (See Order of May 4, 2006, attached hereto as Exhibit "C"). The Court

struck the Plaintiff's Complaint and ordered that the Plaintiff amend his Complaint to add specific claims against specific Defendants showing specific constitutional violations. (Id.)

In response to the Court's Order, the Plaintiff amended his Complaint on May 18, 2006 to assert claims against Linda Lawrence, R.N., H.S.A.; Kilby Correctional Facility's Health Services Administrator, and Dr. Marvin West; a dentist practicing at Kilby during that time period made the basis of the Plaintiff's complaint as amended. (See Amended Complaint). At all relevant times Nurse Lawrence and Dr. West were employed by Prison Health Services, Inc., the company that currently contracts with the Alabama Department of Corrections to provide health care to inmates throughout the State of Alabama.

The Plaintiff specifically alleges that Nurse Lawrence violated his constitutional rights during the time period between April 19, 2005 and May 16, 2006 by retaliating against him for filing a lawsuit against Dr. Marvin West on December 4, 2000. (See Amended Complaint). Dr. West has also been named as a Defendant in this matter, but, the Plaintiff's amended Complaint makes no allegations against him. (See Amended Complaint). The Plaintiff states only that Dr. West was named as a Defendant in his previous lawsuit filed in December 2000 and that this lawsuit serves as the basis for his present claims against Nurse Lawrence (and other correctional Defendants) for retaliation. (See Amended Complaint).

As directed, the Defendants have undertaken a review of Plaintiff Farrow's claims to determine the facts and circumstances relevant thereto.   At this time, the Defendants are submitting this Special Report, which is supported by a Certified Copy of Plaintiff Farrow's medical records (attached hereto as Exhibit "A") and the Affidavit of Linda Lawrence, R.N., H.S.A. (attached hereto as Exhibit "B").   These evidentiary materials demonstrate that Plaintiff

2

Farrow has been provided appropriate medical treatment at all times and that the allegations in his Complaint are without merit.

## II. NARRATIVE SUMMARY OF FACTS

At all times pertinent to his claims against these Defendants, Dean Farrow (AIS# 111719) was incarcerated as an inmate at Kilby Correctional Facility. (See Exhibits "A" & "B"). Farrow has been seen and evaluated by Kilby's medical or nursing staff, and has been referred to an appropriate care provider and given appropriate care, each time he has registered any health complaints at Kilby. (Id.)

Mr. Farrow has amended his Complaint in this matter to allege that Nurse Lawrence has retaliated against him for filing a lawsuit against Dr. Marvin West in the year 2000. (See Amended Complaint). Specifically, Mr. Farrow alleges that Nurse Lawrence retaliated against him during the time period between April 19, 2005 and May 16, 2006 by failing to transfer him to an unspecified location for dental treatment. (Id.) Mr. Farrow's allegations in this regard are completely unfounded. (See Exhibits "A" & "B").

Nurse Lawrence has never retaliated against this inmate in any way. (See Exhibit "B"). With regard to the dates Mr. Farrow sets out as being the time period in which he was retaliated against, Nurse Lawrence provided Mr. Farrow with care at Kilby from April 19, 2005 through August 21, 2005 when he was transferred to Easterling Correctional Facility. (Id.) During that four (4) month time period, Mr. Farrow never made any request to Nurse Lawrence to be transferred to another correctional institution for dental treatment. (Id.) Moreover, even if Mr. Farrow had requested such a transfer, Nurse Lawrence would not have had the authority to transfer this inmate. (Id.) Nurse Lawrence does recall, however, that Mr. Farrow was scheduled

to receive a dental cleaning on April 29, 2005 which he refused citing a personal conflict with Kilby's dentist. (<u>Id.</u>)

Mr. Farrow's medical conditions and complaints have been evaluated in a timely fashion at Kilby Correctional Facility and his diagnosed conditions have been treated in a timely and appropriate fashion. (<u>Id.</u>)  At all times, he has received appropriate medical treatment for his health conditions at Kilby. (<u>Id.</u>)  At no time has he been denied any needed medical treatment. (<u>Id.</u>)

The appropriate standard of care has been adhered to at all times in providing medical care, evaluation, and treatment to this inmate. (<u>Id.</u>)  At no time have the Defendants or any of the medical or nursing staff at Kilby, denied Mr. Farrow any needed medical treatment, nor have they ever acted with deliberate indifference to any serious medical need of Mr. Farrow. (<u>Id.</u>) At all times, Mr. Farrow's known medical complaints and conditions have been addressed as promptly as possible under the circumstances. (<u>Id.</u>) Moreover, none of the medical or nursing staff has retaliated against this inmate. (<u>Id.</u>)

### III. DEFENSES

The Defendants assert the following defenses to the Plaintiff's claims:

1.     The Defendants deny each and every material allegation contained in the Plaintiff's Complaint, as amended and demand strict proof thereof.

2.     The Defendants plead not guilty to the charges in the Plaintiff's Complaint, as amended.

3.     The Plaintiff's Complaint, as amended fails to state a claim against the Defendants for which relief can be granted.

4.     The Defendants affirmatively deny any and all alleged claims by the Plaintiff.

5.    The Plaintiff is not entitled to any relief requested in the Complaint, as amended.

6.    The Defendants plead the defense of qualified immunity and aver that the actions taken by the Defendants were reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

7.    The Defendants are entitled to qualified immunity and it is clear from the face of the Complaint, as amended that the Plaintiff has not alleged specific facts indicating that the Defendants have violated any clearly established constitutional right.

8.    The Defendants cannot be held liable on the basis of respondeat superior, agency, or vicarious liability theories.

9.    The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

10.    The allegations contained in the Plaintiff's Complaint, as amended against the Defendants sued in their individual capacities, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. Of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

11.    The Defendants plead all applicable immunities, including, but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

12.    The Defendants aver that they were at all times acting under color of state law and, therefore, they are entitled to substantive immunity under the law of the State of Alabama.

13.    The Defendants plead the general issue.

14.    This Court lacks subject matter jurisdiction due to the fact that even if the Plaintiff's allegations should be proven, the allegations against the Defendants would amount to

5

mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

15.    The Plaintiff's claims against the Defendants in their official capacities are barred by the Eleventh Amendment to the United States Constitution.

16.    Alabama law provides tort and other remedies for the allegations made by the Plaintiff herein and such remedies are constitutionally adequate.

17.    The Defendants plead the defense that at all times in treating Plaintiff they exercised the same degree of care, skill, and diligence as other physicians and nursing staff would have exercised under similar circumstances and that at no time did they act toward the Plaintiff with deliberate indifference to a serious medical need.

18.    The Defendants plead the affirmative defense that the Plaintiff's Complaint, as amended fails to contain a detailed specification and factual description of the acts and omissions alleged to render him liable to the Plaintiff as required by § 6-5-551 of the Ala. Code (1993).

19.    The Defendants plead the affirmative defenses of contributory negligence and assumption of the risk.

20.    The Defendants plead the affirmative defense that Plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

21.    The Defendants plead the affirmative defense that they are not responsible for the policies and procedures of the Alabama Department of Corrections.

22.    The Defendants plead the affirmative defense that the Plaintiff has failed to mitigate his own damages.

23.    The Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against them and that any such award would violate the United States Constitution.

24.    The Defendants adopt and assert all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and § 6-5-542, et seq.

25.    The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(a). The Plaintiff has failed to pursue the administrative remedies available to him. See Cruz v. Jordan, 80 F. Supp. 2d 109 (S.D. N.Y. 1999) (claims concerning Defendants' deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

26.    The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997(e)(c) mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks money damages from the Defendants who are entitled to immunity.

27.    The Plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997(e).

28.    The Plaintiff has failed to comply with 28 U.S.C. § 1915_with respect to the requirements and limitations inmates must follow in filing in forma pauperis actions in federal court.

29.    Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the

Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e)(c).

30.    The Defendants assert that the Plaintiff's Complaint, as amended is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and requests this Court pursuant to 42 U.S.C. § 1988 to award these Defendants reasonable attorney's fees and costs incurred in the defense of this case.

31.    The Plaintiff's claims are moot because the events which underlie the controversy have been resolved. See Marie v. Nickels, 70 F., Supp. 2d 1252 (D. Kan. 1999).

## IV. ARGUMENT

A court may dismiss a complaint for failure to state a claim if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. Romero v. City of Clanton, 220 F. Supp. 2d 1313, 1315 (M.D. Ala. 2002), (citing, Hishon v. King & Spalding, 467 U.S. 69, 73, (1984). "Procedures exist, including Federal Rule of Civil Procedure 7(a), or Rule 12(e), whereby the trial court may "protect the substance of qualified immunity," Shows v. Morgan, 40 F. Supp. 2d 1345, 1358 (M.D. Ala., 1999). A careful review of Farrow's medical records reveals that Farrow has been given appropriate medical treatment at all times. (See Exhibits "A" & "B"). All of the allegations contained within Farrow's Complaint, as amended are either inconsistent with his medical records, or are claims for which no relief may be granted. (Id.) Therefore, Farrow's claims against the Defendants are due to be dismissed.

In order to state a cognizable claim under the Eighth Amendment, Farrow must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (U.S. 1976); McElligott v. Foley, 182 F.3d

1248, 1254 (11th Cir. 1999); Palermo v. Corr. Med. Servs., 148 F. Supp. 2d 1340, 1342 (S.D. Fla. 2001). In order to prevail, Farrow must allege and prove that he suffered from a serious medical need, that the Defendants were deliberately indifferent to his needs, and that he suffered harm due to deliberate indifference. See Marsh v. Butler County, 268 F.3d 1014, 1058 (11th Cir. 2001) and Palermo, 148 F. Supp. 2d at 1342. "Neither inadvertent failure to provide adequate medical care nor a physician's negligence in diagnosing or treating a medical condition states a valid claim of medical mistreatment under the Eighth Amendment." Id. (citations omitted).

Not every claim by a prisoner that medical treatment has been inadequate states an Eighth Amendment violation. Alleged negligent conduct with regard to inmates' serious medical conditions does not rise to the level of a constitutional violation. Alleged medical malpractice does not become a constitutional violation merely because the alleged victim is a prisoner. See Estelle, 429 U.S. at 106, McElligott, 182 F.3d at 1254, Hill, 40 F.3d 1176, 1186 (11th Cir. 1994), Palermo, 148 F. Supp. 2d at 1342. Further, a mere difference of opinion between an inmate and the physician as to treatment and diagnosis cannot give rise to a cause of action under the Eighth Amendment. Estelle, 429 U.S. at 106-108.

The Defendants may only be liable if they had knowledge of Farrow's medical condition, Hill, 40 F. 3d at 1191, and acted intentionally or recklessly to deny or delay access to his care or to interfere with treatment once prescribed. Estelle, 429 U.S. at 104-105. Obviously, Farrow cannot carry his burden. The evidence submitted with this Special Report clearly shows that the Defendants did not act intentionally or recklessly to deny or delay medical care, or to interfere with any treatment which was prescribed or directed. The evidence demonstrates, to the contrary, that Farrow's claims are without merit and that appropriate standards of care were followed at all times. (Id.) These facts clearly disprove any claim that the Defendants acted intentionally or

recklessly to deny treatment or care. Moreover, there is no evidence before the Court showing that the Defendants retaliated against him in any way or acted to impede the delay of medical services to the Plaintiff. (See Exhibit "B").

The Defendants are, further, entitled to qualified immunity from all claims asserted by Farrow in this action. There is no argument that the Defendants were not acting within the scope of their discretionary authority. See Eubanks v. Gerwen, 40 F. 3d 1157, 1160 (11th Cir. 1994); see also Jordan v. Doe, 38 F. 3d 1559, 1566 (11th Cir. 1994). Because the Defendants have demonstrated that they were acting within the scope of their discretionary authority, the burden shifts to Farrow to show that the Defendants violated clearly established law based upon objective standards. Eubanks, 40 F. 3d at 1160. The Eleventh Circuit requires that before the Defendants' actions can be said to have violated clearly established constitutional rights, Farrow must show that the right allegedly violated was clearly established in a fact-specific, particularized sense. Edwards v. Gilbert, 867 F.2d 1271, 1273 (11th Cir. 1989), aff'd in pertinent part, rev'd in part on other grounds, sub nom., Edwards v. Okaloosa County, 5 F. 3d 1431 (11th Cir. 1989).

The Eleventh Circuit further requires that the inquiry be fact specific, and that officials will be immune from suit if the law with respect to their actions was unclear at the time the cause of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the individual. See Brescher v. Von Stein, 904 F.2d 572, 579 (11th Cir. 1990) (quoting, Anderson v. Creighton, 483 U.S. 635, 640, (U. S. 1987)). The question that must be asked is whether the state of the law in 2005 and 2006 gave the Defendants fair warning that his alleged treatment of Farrow was unconstitutional. Hope v. Pelzer, 536 U.S. 730, 741 (U.S. 2002).

Therefore, to defeat summary judgment, Farrow must be able to point to cases with "materially similar" facts, within the Eleventh Circuit, that would alert the Defendants to the fact that his practice or policy violates his constitutional rights. See Hansen v. Soldenwagner, 19 F.3d 573, 576 (11th Cir. 1994). In order for qualified immunity to be defeated, preexisting law must "dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." Lassiter v. Alabama A & M Univ., Bd. of Trustees, 28 F. 3d 1146, 1151 (11th Cir. 1994). The Defendants submit that there is no case law from the United States Supreme Court, the Eleventh Circuit Court of Appeals, or District Courts sitting within the Eleventh Circuit showing that, under the facts of this case, it was clearly established that these alleged actions violated Farrow's constitutional rights. All of Farrow's medical needs have been addressed or treated. (See Exhibits "A" & "B"). The Defendants have provided Farrow with appropriate medical care at all times. (Id.)

Finally, pursuant to the Court's Order, the Defendants request that this Special Report be treated and denominated as a Motion to Dismiss and/or a Motion for Summary Judgment. The Defendants have demonstrated both through substantial evidence and appropriate precedent that there is not any genuine issue of material facts relating to a constitutional violation, and that they are, therefore, entitled to a judgment in their favor as a matter of law. The Plaintiff's submissions clearly fail to meet his required burden.

## V. CONCLUSION

The Plaintiff's Complaint, as amended is due to be dismissed on its face, and is, further, disproven by the evidence now before the Court. All of the Plaintiff's requests for relief are without merit. Accordingly, the Defendants request that this Honorable Court either dismiss the Plaintiff's Complaint, as amended with prejudice, or enter a judgment in their favor.

Respectfully submitted,

L. Peyton Chapman, III
Alabama State Bar Number CHA060
R. Brett Garrett
Alabama State Bar Number GAR085
Attorneys for Defendants Linda Lawrence,
R.N., H.S.A. and Dr. Marvin West

RUSHTON, STAKELY, JOHNSTON &
GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone: (334) 834-8480
Fax: (334) 262-6277
E-mail: bg@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the 7th day of August, 2006, to:

James Effarge Farrow (AIS# 111719)
506 First Avenue
Tallassee, AL 36078

R. Brett Garrett GAR085
Attorney for Defendants Linda Lawrence,
R.N., H.S.A. and Dr. Marvin West