IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

______________________________

DEAN EFFARAGE FARROW *

Plaintiff, *

v. * 2:06-CV-360-ID
(WO)

DONAL CAMPBELL - FORMER *
COMMISSIONER, *et al.*,
*

Defendants.

______________________________

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action was filed by Plaintiff, Dean Farrow, on April 20, 2006 against former Commissioner Donal Campbell, Gwendolyn Mosley, Warden of the Easterling Correctional Facility, Captain Jeffery Knox, Sergeant Robert Bryant, and Nurse Linda Lawrence.[1] Plaintiff contends that Defendants subjected him to retaliation for his having previously filed a lawsuit. Plaintiff requests damages and injunctive relief, including termination of Defendants' employment.

Pursuant to the orders of this court, Defendants filed an answer, special report and supporting evidentiary material addressing Plaintiff's claims for relief. (*Doc. Nos. 16, 21.*)

---

[1]April 20, 2006 is the date Plaintiff originally filed his complaint. By order filed May 4, 2006 the court directed Plaintiff to file an amended complaint and the order explained to Plaintiff that the amended complaint would supercede the original complaint. Plaintiff complied with the May 4 order by filing an amended complaint on May 18, 2005. Accordingly, this matter is before the court only on the claims presented by Plaintiff in his May 18 amended complaint and the Defendants against whom he makes such claims.

The court then informed Plaintiff that Defendants' special reports may, at any time, be treated as motions for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. Plaintiff filed responses to the special reports filed by Defendants. (*Doc. Nos. 25, 29*.) This case is now pending on Defendants' motions for summary judgment. Upon consideration of such motions, the evidentiary materials filed in support thereof, and Plaintiff' opposition to the motions, the court concludes that Defendants' motions for summary judgment are due to be granted.

## I. STANDARD OF REVIEW

To survive the properly supported motions for summary judgment filed by Defendants, Plaintiff is required to produce some evidence which would be admissible at trial supporting his constitutional claims. Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To meet this standard, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576 -1577 (11th Cir. 1990). A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Thus, when a plaintiff fails to make a showing adequate to

establish the existence of an element essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987).

Where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987); *Wright v. Southland Corp.,* 187 F.3d 1287 (11th Cir. 1999); *Pritchard v. Southern Co. Servs.,* 92 F.3d 1130, 1135 (11th Cir. 1996); *McMillian v. Johnson,* 88 F.3d 1573, 1584-1585 (11th Cir. 1996). Summary judgment is therefore appropriate when the pleadings, admissible evidentiary materials and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), *Federal Rules of Civil Procedure*; *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir.1990).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Plaintiff has failed to demonstrate that there is a genuine issue of material fact in order to preclude summary

judgment.

## II. DISCUSSION

Plaintiff contends that from April 19, 2005 through May 16, 2006 Defendants violated his constitutional rights by retaliating against him as a result of his filing a lawsuit against a prison dentist.[2] The retaliatory acts about which Plaintiff complains include being transferred to another prison, being threatened and slandered, refusing to transfer him to a safer prison, and refusing to allow him to be treated by a dentist other than the one against whom he previously filed suit. (*Doc. No. 4 at 2-7.*)

Defendants deny retaliating against Plaintiff for his filing of a prior lawsuit. Defendant Mosley maintains that Plaintiff was transferred from the Easterling Correctional Facility to the Kilby Correctional Facility on April 18, 2005 pursuant to a transfer order issued to the Easterling Correctional Facility by the transfer division of the Alabama Department of Corrections. The Kilby Correctional Facility is the hub for the transport of inmates to and from court appearances. Defendants Bryant and Knox deny having any knowledge of Plaintiff's allegations and state that they have no awareness of any problems he had with his dental care. (*Doc. No. 16, Exhs. A-D.*)

Defendant Lawrence also denies retaliating against Plaintiff in any way. According to Defendant Lawrence, she provided Plaintiff with care during his incarceration at the Kilby

---

[2]The previous lawsuit to which Plaintiff refers is *Farrow v. West*, Civil Action No. 2:00-CV-1673-ID (M.D. Ala. 2005). By order entered May 19, 2005 this court dismissed the case with prejudice pursuant to a stipulation of dismissal filed by Defendant West. (*See Id. at Doc. No. 46.*)

Correctional Facility from April 19, 2005 until August 21, 2005 at which time he was transferred back to the Easterling Correctional Facility. During that time period, Defendant Lawrence maintains that Plaintiff never presented a request for a transfer to her, but even if he had, she would not have any authority to authorize his transfer. Defendant Lawrence further affirms that Plaintiff was scheduled for a dental cleaning with the dental hygienist on April 29, 2005 which he refused on the basis that he had a personal conflict with Kilby's dentist.[3] (*Doc. No. 21, Exh. B; Doc. No. 23 - Part 3 at 7, 63, 69, 76.*)

*A. Injunctive Relief*

Plaintiff is no longer incarcerated.[4] The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). As it is clear from the pleadings and records before the court that Plaintiff is no longer incarcerated his request for injunctive relief has been rendered moot.

---

[3]The court also notes that Plaintiff's medical records reflect that during his stay at the Kilby Correctional Facility he submitted sick call requests on April 19, 2005 and April 21, 2005 indicating that he needed a bottom set of partial dentures. Medical personnel informed Plaintiff that he did not qualify for partial dentures because he was not a permanent party inmate at the Kilby Correctional Facility. (*Doc. No. 23 - Part 3 at 64-65.*)

[4]At the time he filed the instant complaint Plaintiff was incarcerated at the Easterling Correctional Facility. During the pendency of this action, Plaintiff was released from custody.

*B. The Retaliation Claim.*

To present a retaliation claim cognizable under § 1983, a prisoner must demonstrate that (i) he engaged in a constitutionally protected activity, (ii) he suffered adverse treatment simultaneously with or subsequent to such activity, and (iii) a causal connection existed between the protected activity and the adverse action. *Donnellon v. Fruehauf Corporation*, 794 F.2d 598, 600-601 (11th Cir. 1986); *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2nd Cir. 2004); *Morales v. Mackalm*, 278 F.3d 126, 131 (2nd Cir. 2002); *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Proper assertion of a claim for retaliation requires that a prisoner allege that correctional officials intended to retaliate for his exercise of a right protected under the Constitution and, but for the retaliatory motive, the adverse act complained of would not have occurred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). It is essential, however, that federal courts "carefully scrutinize retaliation claims" brought by prisoners challenging actions of correctional personnel. *Id*. at 1166. "[C]ourts must approach prisoner claims of retaliation with skepticism and particular care. *See Flaherty v. Coughlin,* 713 F.2d 10, 13 (2nd Cir. 1983). This is [necessary because prisoners'] . . . claims of retaliation are . . . easily fabricated [and] pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration. This is so because virtually any adverse action taken against a prisoner by a prison official--even those otherwise not rising to the level of a constitutional violation--can be characterized [by the prisoner] as a constitutionally proscribed retaliatory act." *Dawes v. Walker*, 239 F.3d 489, 491 (2nd Cir. 2001), *overruled on other grounds*,

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

An inmate has the initial burden of establishing a prima facie case of unlawful retaliation by a preponderance of the evidence, which once established raises a presumption that prison officials retaliated against the inmate. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). Merely alleging the ultimate fact of retaliation, however, is insufficient. *Cain v. Lane*, 857 F.2d 1139, 1142, n.6 (7th Cir. 1988); *Woods*, 60 F.3d at 1166. Additionally, conclusory allegations are insufficient to demonstrate the existence of each element required to establish retaliation. *Morales*, 278 F.3d at 131; *Bennett v. Goord*, 343 F.3d 133, 137 (2nd Cir. 2003) (Because prisoner retaliation claims are prone to abuse, "we are careful to require non-conclusory allegations."). If an inmate establishes a prima facie case, the burden then shifts to prison officials to rebut the presumption by producing sufficient evidence to raise a genuine issue of fact as to whether the prison official retaliated against the inmate. This may be done by the prison official articulating a legitimate, non-retaliatory reason for the adverse decision or action, which is clear, reasonably specific and worthy of credence. The prison official has a burden of production, not of persuasion, and thus, does not have to persuade a court that he or she actually was motivated by the reason advanced. *Burdine*, 450 U.S. at 254-55. Once the prison official satisfies this burden of production, the inmate then has the burden of persuading the court by sufficient and admissible evidence that the proffered reason for the adverse decision is a pretext for retaliation. *Id*. at 256.

Plaintiff asserts that in retaliation for his filing a lawsuit against Dr. Marvin West in 2000 Defendants failed to allow dentists, other than Dr. West, to provide him with dental care, failed to transfer him to a safer prison, and transferred him to Kilby Correctional Facility in order to threaten, harass, and intimidate him.[5] Nevertheless, Defendants have demonstrated through relevant admissible evidence that the adverse action about which Plaintiff complains involved conduct of which they were either simply unaware or had no control over. Plaintiff offers only his conclusory allegation that Defendants acted in a retaliatory manner. As this court must "carefully scrutinize retaliation claims" arising from adverse actions of correctional personnel, *Woods*, 60 F.3d at 1166, and evaluate such claims "with skepticism and particular care[,]" *Dawes*, 239 F.3d at 491, it is clear that Plaintiff's conclusory allegations of retaliation are insufficient to show that the reasons proffered by Defendants for the conduct about which Plaintiff complains are pretextual. *See Bennett v. Hendrix,* 423 F.3d 1247, 1250 (11th Cir. 2005) (holding that "a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from exercise of First Amendment rights). Consequently, Defendants are entitled to summary judgment on Plaintiff's retaliation claim as he fails to present any evidence which establishes a causal relationship between his protected activities and the challenged

[5]According to Plaintiff's complaint, an order entered in his previous lawsuit which directed that he be transported to court for a hearing was subsequently vacated. Despite the vacating of that order, Plaintiff maintains that the defendants named to the instant cause of action "misused said order as a retaliatory tool by transferring [him] to . . . Kilby . . .for the reclusive [sic] purpose of intimidating, harassing, and threating [sic] [him] for filing said pro se § 1983. . ." (*Doc. No. 4 at 6-7*.)

adverse action. *See Anderson v. Georgia State Pardons and Paroles Bd.*, 165 Fed.Appx. 726, 730 (11th Cir. 2006).

*C. Defendant Campbell*

Plaintiff argues that Commissioner Campbell knew or should have known of the violations of his constitutional rights not only due to his supervisory position but also because Plaintiff put him on notice of the violations by sending him a letter regarding his concerns. (*See Doc. No. 1 at 2, Doc. No. 29 at 12-22.*) To the extent Plaintiff's claims against former Commissioner Campbell seek to hold him liable for the actions of his subordinates, this claim must fail. The law is well settled that a defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of *respondeat superior* or on the basis of vicarious liability. *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986).

To prevail against a defendant, Plaintiff must show that the defendant was involved in acts or omissions that resulted in the constitutional deprivation. *Hale v. Tallapoosa County*, 50 F.3d 1579 (11th Cir. 1995). The language of § 1983 plainly requires proof of an affirmative causal connection between the actions taken by a defendant and the constitutional deprivation. *Swint v. City of Wadley, Ala.,* 51 F.3d 988, 990 (11th Cir. 1995). Plaintiff has produced no evidence and makes no argument against former Commissioner Campbell that he either personally participated in the alleged constitutional violation or instigated or

adopted a policy that violated Plaintiff's constitutional rights.[6] *See Hill*, 40 F.3d at 1192. The law is clear that supervisory personnel cannot be liable under 42 U.S.C. § 1983 for the action of their subordinates under a theory of respondeat superior or vicarious responsibility. *Monell v. Dept. of Soc. Svces.*, 436 U.S. 658, 691 (1978); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Greason v. Kemp*, 891 F.2d 829, 836 (11th Cir. 1990). Former Commissioner Campbell is, therefore, only liable if he personally participated in the allegedly unconstitutional conduct or if there is "a causal connection between his actions . . . and the alleged constitutional deprivation." *Cottone*, 326 F.3d at 1360. Plaintiff must present sufficient evidence of either (1) a "custom or policy [that] result[s] in deliberate indifference to constitutional rights or . . . facts [that] support an inference that the supervisor directed subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so;" or (2) "a history of widespread abuse [that] put[ ] the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Cottone*, 326 F.3d at 1360 (internal quotation marks and citations omitted) (second alteration in original). *See also Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990).

Here, Plaintiff has presented no evidence that former Commissioner Campbell personally participated in the alleged constitutional violations, that he instigated or adopted a policy that resulted in deliberate indifference to constitutional rights, or that there were

[6] Indeed, in a letter to Commissioner Campbell dated November 14, 2005, Plaintiff states that he is uncertain as to whether the "co-conspirators of said issues include you, or whether the subordinates of the established chain of command have perpetrated the oncoming [sic] violations of law without your knowledge . . ." (*Doc. No. 29 at 12*.)

incidences of widespread abuse. Plaintiff's claims against the former commissioner are, therefore, due to be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).[7]

**III. CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for summary judgment filed by Defendants (*Doc. Nos. 16, 21*) be GRANTED;

2. Plaintiff's claims against Defendant Campbell be DISMISSED with prejudice pursuant to 28 U.S. C. § 1915(e)(2)(B)(ii);

3. Judgment be ENTERED in favor of Defendants and against Plaintiff;

4. This case be DISMISSED with prejudice; and

5. The costs of this proceeding be TAXED against Plaintiff for which execution may issue.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 27, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not

[7]In accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B), a court may dismiss a prisoner's civil action or any portion thereof if it determines that a claim(s) is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 14th day of May 2008.

/s/ Wallace Capel, Jr
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE