IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DEAN EFFARAGE FARROW )

    Plaintiff, )

    V. )       2:06 - CV- 360 - ID

DONAL CAMPBELL - FORMER )
COMMISSIONER, et al.,

    Defendants. )

**OBJECTION TO THE RECOMMENDATION OF THE
HONORABLE UNITED STATES MAGISTRATE JUDGE**

   The above cited case is a 42 U.S.C. Section 1983 civil action filed by Plaintiff, Dean E. Farrow, on April 20, 2006 against former Commissioner Donal Campbell, Gwendolyn Mosley, Warden, Captain Jeffery Knox, Sergeant Robert Bryant of the Easterling Correctional Facility, and Nurse Linda Lawrence, R.N., H.S.A., of the Kilby Medical Diagnostic and Classification Correctional Facility.

*Farrow's Objections Are As Follow In The Above Styled Case*

1.    To survive the properly supported motion for summary judgement filed by Defendants, Plaintiff is required to produce some evidence which would be admissible at trial supporting his constitutional claims. Rule 56(e), *Federal Rules of Civil Procedure.*
    *Specifically, he must* " go beyond the pleading and... designate ' specific

facts showing that there is a genuine issue for trail.'"

Nevertheless Farrow produced evidence to support his claims as to show and prove the following.

> The issues for trial in this case are whether the Defendants deprived Farrow of federally protected rights by trying to force him to accept dental treatment from Dr. Marvin West ( a dentist he sued) and/or Dr. Marvin West's subordinates ; whether Defendants subjected Farrow to the deprivation of federally protected rights by not responding to Farrow's complaints about his right to visit another dentist as a result of the circumstance and/or whether the Defendants' and their subordinates' actions against Farrow for filing civil action against a medical official - acting under color of state and federal law- illegal retaliatory by inducing disciplinary actions against Farrow and not providing Farrow with any formal and/or written disciplinary and/or whether the Defendants' and their subordinates' actions against Farrow for filing civil action against a medical official - acting under color of state and federal law- illegally retaliatory by placing Farrow in the worse part of the said prison housing units.

2.   The facts *and the evidence* are Farrow doesn't merely contend that Defendants subjected him to illegal retaliation for his having previously filed a Title 42 U.S.C. Section 1983. Moreover, Farrow has *specifically* asserted evidence that Defendants Donal Campbell ( former Commissioner) and Gwendolyn Mosley  (Warden) *"caused Farrow to be subjected to the deprivation of federally protected rights_ by not responding to Farrow complaints_ about their subordinates active deprivation of Farrow's First Amendment and Eighth Amendment rights;* in like manner, Farrow specifically asserted  - with supportive and factual evidence - that Captain Jeffery Knox, Sergeant Robert Bryant, and Nurse Linda Lawrence actively participated in the deprivation of Farrow's First Amendment and Eighth Amendment rights along with their subordinates, too.

3.   The facts - with supportive evidence- are as followed

- During December 7, 2000 Farrow filed an action under Title 42 U.S.C. Section 1983 against Dentist Marvin West, ***and demanded a jury trial***, *Farrow v. West, Civil* Action No. 2:00-CV- 1673-ID (M.D. Ala. 2005).

- Nevertheless, Farrrow **fears were well placed by not** accepting further dental treatment from Dentist Marvin West once this Honorable Court entered an order on December 22, 2000 for the Defendants to filed a special report in response to Farrow's claims against the said dentist. Farrow's medical dental record reflects that Farrow is making a true statement.

- During the course of the latter said action the medical company by whom Dentist Marvin West was employed, Correctional Medical Services, Inc. (CMS), contract with the Alabama Department of Corrections ended, and Dentist Marvin West was replaced by other dentists. Farrow medical record reflects the changes in the Alabama Department of Corrections' medical services contractors.

- The dental record of Farrow reflects for several months Farrow dental needs was attended by other dentists employed with the subsequent company. Prison Health Services, Inc. (PHS) was employed by the Alabama Department of Corrections. Farrow's medical record reflects the latter said.

- Because of some misfortunate reason the Prison Health Services, Inc. (PHS) employed Dentist Marvin West to replace the last dentist Farrow dental needs was attended by, and Farrow dental record support the aforesaid.

- Nevertheless, Farrow refused to accept dental treatment by and/or in the presence of Dentist Marvin West, and Farrow medical dental record support the latter said.

- During December 1, 2004 in the case of *Farrow v. West, Civil* Action No. 2:00-CV- 1673-ID (M.D. Ala. 2005), this Honorable Court Magistrate Judge recommended the said case proceed to trial.

    **This Honorable Court's Documents reflects the said.**

- During March 7, 2005 this Honorable Court issued a questionable order which read ...

    ..." Hearings:
    Pretrial Telephone Conference: That this cause is set for a pretrial telephone conference at 10:00 a.m. on 28 March, 2005, to be arranged by counsel for the Defendant. The persons having custody of the Plaintiff are to produce him at the telephone conference..."

    **This Honorable Court's Documents reflects the latter said.**

- **Defendant Gwendolny Mosley, Warden of the Eastering Correctional Facility received a copy of said order.**

- As a result of the latter said order illegality, Farrow's attorney filed a motion requesting this Honorable Court to vacate said order. This Honorable Court's Documents reflects the latter said.

- During 22 March, 2005 this Honorable Court issued an order which then read...

    ..." The Court Order entered on 7 March, 2005 (Doc# 37) is hereby VACATED; thus, cancelling the pretrial conference set by telephone and the evidentiary hearing set for 27 April, 2005..."

    This Honorable Court's Documents reflects the latter said.

- **Defendant Gwendolny Mosley, Warden of the Eastering**

**Correctional Facility received a copy of the latter said order, too.**

- During 7 March 2005 until during most of the morning of 19 April 2005 Farrow was at Easterling Correctional Facility, in the custody of Gwendolny Mosley , Warden of Eastering Correctional Facility. The Alabama Department of Corrections' records reflects the latter said.

- However, Farrow was not produced for the previously ordered telephone conference at 10:00a.m.on 28 March,2005, nor anytime thereafter the said telephone conference was vacated by this Honorable Court.

**The Alabama Department of Corrections' records and This Honorable Court's Documents reflects the latter said.**

- During 15 April 2005 Farrow's Attorney, Scott Smith, (of Bradley Arant Rose &White LLP /200 Clinton Ave. West Suit 900/ Huntsville, Alabama 35801-4900) forward legal documents to Mr. Dean Effarage Farrow No. 111719-10B/20 Easterling Correctional Facilty 200 Wallace Drive Clio, Alabama 36017-2615 to sign in reference to the proposed settlement agreement in the case of *Farrow v. West, Civil* Action No. 2:00-CV- 1673-ID (M.D. Ala. 2005).

**Farrow's legal mail record reflect the latter said (see photocopy of Farrow's legal mail). The United States Postal service's record reflect the latter said.**

- Nevertheless, during the morning prior to Farrow's transfer to the Kilby Medical Diagnostic and Classification Correctional Facility (KCC) on the false pretext that Farrow was scheduled for a Court appearance in this Honorable Court, after several inquiries by Farrow to the ICS Correctional Officer at Easterling Correctional Facility, Farrow was told by Correctional Officer Ewing that he (Farrow) did not have any mail. (see again photocopy of Farrow's legal mail). The United States Postal service's record reflect the latter said.

- During 19April, 2005 Farrow was transferred to Kilby Medical Diagnostic and Classification Correctional Facility (KCC). The Alabama Department of Corrections' records reflects the latter said

- Shortly after arriving at the Kilby Medical Diagnostic and Classification Correctional Facility (KCC) and being processed into the latter said facility, Farrow noticed a dentist other than Dentist Marvin West ( and not in the company of Dentist Marvin West (meaning Farrow did not see Dentist Marvin West at all), so during 21 April, 2005 Farrow submitted a medical request to see a dentist.

    **Farrow medical dental record support the latter said (see sick call request form).**

- **During 29, April, 2005,** a few days after Farrow requested visit to the dentist, I was ordered to report to the dental laboratory, **again.**

    Upon entering the laboratory, Farrow saw there a woman Farrow had not any memory of seeing in his life before the said date , Dentist Marvin West, and a man- later identified to me as Mr. Lawrence, Sport Coordinator of Mental Health Department at the Kilby Medical Diagnostic and Classification Correctional Facility.

    The woman did not ask Farrow his name nor any question, and she spoke to Farrow very harshly, saying, "Sit down!"

    She gave Farrow a clipboard with a single sheet of paper (a consent form), again she spoke to me in the same tone of voice, saying, "Read this and sign it!"

    Farrow read the said form. Which basically meant that if the procedure she intended to perform on Farrow person caused him physical or mental harm she could not be held legally liable.

**Farrow feared the way each of the said individuals looked at him. Therefore, Farrow refused to signed the form.**

She looked at Dentist Marvin West, and he said to her, " Let him sign a 'waiver', and go back to his dorm."

She looked confused.

He said, "The forms are in the second drawer... There." While pointing to the first desk nearest to the entrance of the dental laboratory.

While Farrow was writing his reason - in the area which reads: "( Specify in Detail)" for singing the waiver (Release of Responsibility) form, the woman (dentist hygienist Farrow haven't been able to identify) **snatched** the 'waiver' from Farrow, saying, "Don't write on that! Here is another one! I'll fill it out! Just sign it, or leave!"

Farrow reported to the Shift Commander's, and told Captain Barrett (?) What had recently occurred. He advised Farrow to submit a medical complaint form. (See Inmate Informal Grievance form)

- **During 21, April, 2005,** Farrow made a collect telephone call to his Attorney, Scott Smith, and several Family Members to explain his fears and the situation at Kilby Medical Diagnostic and Classification Correctional Facility. He (Farrow's attorney ) advised Farrow not accept any medical treatment Farrow thought to be unsafe.

  Farrow has not been able to make a collect call to any attorney during the entire total period of his incarceration prior to the latter said call

  Farrow's attorney asked Farrow had he (Farrow) signed and forward the settlement agreement he (Farrow's attorney) and Dentist Marvin West had agreed toward.

Farrow told his attorney that he (Farrow) had not received such an agreement.

Farrow reported the problem to the Shift Commander and the Mail Clerk at Kilby Medical Diagnostic and Classification Correctional Facility. There were several calls made by the officials in the presence of Farrow to locate the said mail, but the Mail Clerk at Easterling Correctional Facility said that she did not receive nor have said mail.

**Farrow's legal mail record reflect the latter said (see photocopy of Farrow's legal mail). The United States Postal service's record reflect the latter said.**

- Farrow's attorney forward another copy of the said agreement to Farrow.

- After Farrow submitted several complaints the Shift Commander advised Nurse Linda Lawrence to allow Farrow to properly submit the said 'waiver'.

- Nurse Lawrence was not pleased with the Shift Commander decision, so while coming down the hall to bring the said form, Nurse Lawrence complained to the officer monitoring the hall activities saying that she didn't think Farrow was worth the trouble because Farrow had filed a law suit against Dr. West and was telling lies about Dr. West... " Dr. West is a good doctor".

- **The law proscribed within the First Amendment to the United States of America defines Nurse Lawrence's behavior toward Farrow illegal.**

- From December 7, 2000 to May19, 2005 there were several years of civil procedural preliminaries between this Honorable Court and the most Honorable United States Court of Appeals for the Eleventh Circuit. Wherein most of the procedures the said Defendants made exceptional efforts to avoid a jury trial.

- During May 19, 2005 the above said action was settled by Farrow's attorney and Dr. Marvin West, and by order entered May19, 2005 this Honorable Court dismissed the case with prejudice pursuant to a stipulation of dismissal filed by the Defendant West. (See Id. at Doc No 46.).

- Farrow was transferred back to Easterling during August. The latter said location is where Farrow experience the remaining complained of violations by former Commissioner Donal Campbell, Gwendolyn Mosley, Warden, Captain Jeffery Knox, Sergeant Robert Bryant of his federally protected rights as proscribed within the **First and Eighth Amendments to the United States of America Constitution** .

## *Motion For An Extension To Filed Objections To The Recommendations Of This Honorable Court Magistrate Judge, Or Grant Plaintiff A Certificate Appealibility.*

Comes now the above said Plaintiff, Dean E. Farrow and request this Honorable Court to extend the time for the said plaintiff to filed said objections.
As ground for said request the plaintiff assert the following.

1. Plaintiff has only minutes to for this objection in the mail.
2. Plaintiff is not feeling well.

Submitted this 27th Day of May, 2008

by   /s/ Dean Effarage Farrow

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION


Dean Effarage Farrow, 111719
  P. O. Box 780032
Tallassee, Alabama 36078


### CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon:

1. OFFICE OF THE CLERK
   UNITED STATES DISTRICT COURT
     P. O. BOX 711
   MONTGOMERY, ALABAMA 36101-O711

2. DONALD CAMPBELL, FORMER COMMISSIONER
   101 SOUTH UNION STREET
   MONTGOMERY, ALABAMA 36104

3. BETTIE J. CARMACK (CAR-132)
   ASSISTANT ATTORNEY GENERAL
   11 SOUTH UNION STREET
   MONTGOMERY, ALABAMA 36130
   ATTORNEYS FOR
   GWENDOLYN MOSLEY, WARDEN;
   CAPTAIN KNOX; and
   SEGEANT BRYANT


4. L. PEYTON CHAPMAN, III
   ALABAMA STATE BAR NUMBER CHA060
   R. BRETT GARRETT

ALABAMA STATE BAR NUMBER GAR085
ATTORNEYS FOR DEFENDANTS LINDA LAWRENCE
R.N., H.S.A. AND DR. MARVIN WEST.

RUSHTON, STAKELY, JOHNSTON &
GARRETT, P.A.
POST OFFICE BOX 270
MONTGOMERY, ALABAMA 36101-0270

5. ALABAMA DEPARTMENT OF CORRECTIONS
   LEGAL DIVISION
     P. O. BOX 301501
   301 SOUTH RIPLEY STREET
   MONTGOMERY, ALABAMA 36130-1501


By placing a copy of the for going to each of the said in the United States Mail, properly postaged, and properly addressed this 27th day of May, 2008


                              <u>DEAN EFFARAGE FARROW, 111719</u>
                              PLAINTIFF